IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMMY T. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: CV-05-1077-T |
| | ) | |
| HAL COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND REPORT**

COME NOW the defendants in the above-styled cause, Dale County Deputy Sheriff, Hal Cox, and Bryant Mixon, Sheriff of Dale County, separately and severally, and in response to this Court's Order of November 14, 2005, file this Answer and Written Report and aver the following, separately and severally:

1. These defendants assert to the Court that they have undertaken a review of the subject matter of the plaintiff's Complaint and have ascertained relevant facts and circumstances related to said Complaint.

2. These defendants further assert that no action is warranted by prison officials to resolve the subject matter of the plaintiff's Complaint.

3. The Plaintiff, Timmy T. Harris, has filed a second lawsuit in the Middle District of Alabama styled *Timmy T. Harris v. Kenneth Latham, et al.*; Case No.: CV-05-1187-T. The allegations in this second lawsuit are similar but involve different defendants.

4.  The plaintiff's Complaint herein, filed on or about November 8, 2005, seeks relief from Hal Cox, a Deputy Sheriff with the Dale County Sheriff's Department, and Bryant Mixon, Sheriff of Dale County.

5.  The plaintiff's Complaint alleges the date upon which said violation occurred is September 8, 2005.

6.  The plaintiff appears to have alleged three violations of his constitutional rights: (1) unlawful arrest and detainment; (2) illegal search and seizure; and (3) cruel and unusual punishment.

7.  In regard to the plaintiff's claim of unlawful arrest and detainment, the plaintiff alleges that on or about September 8, 2005, Hal Cox lied or falsified information to obtain an arrest warrant on the plaintiff for receiving stolen property.

8.  In regard to the plaintiff's claim of illegal search and seizure, the plaintiff alleges that on or about September 8, 2005, Hal Cox failed to obtain a search warrant in order to obtain evidence that was confiscated from a car that was used by the plaintiff and that the car was allegedly taken from the state of Georgia and that the Dale County Sheriff's Department illegally assumed jurisdiction of the case by prosecuting the plaintiff.

9.  In regard to the plaintiff's claim of cruel and unusual punishment, the plaintiff alleges that on or about September 8, 2005, Hal Cox placed the plaintiff in lock-down for the purpose of punishing the plaintiff because the plaintiff informed him that he would file a federal complaint. Further, the plaintiff alleges that he and other inmates have been denied access to the Courts because there is no library or access to other legal materials.

10. In the plaintiff's prayer for relief, the plaintiff requests the Court review the violations committed by Hal Cox and that he be awarded $100,000.00 in damages.

11.     Other than naming Sheriff Bryant Mixon in the body of his Complaint as an individual who violated his constitutional rights, the plaintiff makes no specific allegations against Sheriff Mixon related to the three claims set forth in his Complaint.

12.     The plaintiff's current place of confinement is the Dale County Jail. The plaintiff's current status is that of a pretrial detainee.

13.     Hal Cox, Deputy Sheriff with the Dale County Sheriff's Department, provides a declaration herein, Exhibit 1, which sets forth the facts and circumstances relating to the plaintiff's arrest on or about September 8, 2005. Hal Cox's Declaration attached hereto avers that Deputy Cox was dispatched on a complaint that a motorist had seen a suspect throw a concrete block through a glass-front door at a business, the Rail Side Auction Building, located on U.S. Highway 231 in Dale County. Deputy Cox arrived at the business and observed that the front glass door was broken and an automobile had been left running in the driveway of the parking lot with the trunk open. A Newton police officer, Paul Garrow, had seen a suspect fleeing from of the building. He saw the suspect run across U.S. Highway 231 into the Whispering Lake Trailer Park. An all points bulletin was put out for a description of the suspect which was a black male wearing a tan colored shirt and shorts. Deputy Cox then drove through the trailer park where he saw a black male fitting the description of the suspect. Deputy Cox stopped and spoke to a male later identified as Jimmy Earl Snell who advised that the black male fitting the description had just come up to them and asked for a ride to Montgomery and a change of clothes. When they refused to provide the ride to Montgomery, the suspect asked if he could help do some work in their yard. Deputy Cox then called for back-up and advised the black male suspect that he fit the description of a man seen throwing a concrete block through a store window earlier. The suspect, later identified as the plaintiff, said he was buying the car parked in front of the auction house.

Deputy Cox confirmed that the Ford Tempo automobile had been stolen in Valdosta, Georgia and there were warrants for the suspect's arrest. At that time, the suspect plaintiff was placed in the Sheriff's patrol car and transported to the Dale County Jail. The incident was investigated both by Deputy Cox and police officers from the Town of Newton. During the investigation, other evidence was found which linked the plaintiff Timmy Harris to the burglary of the Rail Side Auction building. Although Mr. Harris initially refused to talk, he later agreed to provide a statement and signed a Waiver of Rights form. The plaintiff was interviewed and after waiving his Miranda rights, he said he purchased the Ford Tempo from a pastor Bruce Berry in Valdosta, Georgia for $600.00. He claims that he lost his way going to Montgomery from Valdosta and had spent the night in Dothan. The plaintiff claimed he had been drinking and the car had not been stolen. The Valdosta, Georgia Police Department confirmed that the Ford Tempo had been stolen. Harris was placed in a holding cell in the Dale County Jail until he was processed. According to Deputy Cox, he has no knowledge of Harris ever being placed in lockdown. Currently, Mr. Harris is awaiting trial on his charges which include receiving stolen property. Mr. Harris has numerous criminal charges and convictions in the past from other jurisdictions.

      14.     Captain James L. Willis, III is the Jail Administrator with the Office of the Dale County Sheriff and provides a Declaration herein, Exhibit 2, which sets forth the facts and circumstances relating to the plaintiff's incarceration in the Dale County Jail. According to Captain Willis, on or about September 8, 2005, at approximately 9:20 a.m., the plaintiff, Timmy Harris, was booked into the Dale County Jail for receiving stolen property in the first degree. Harris was fingerprinted and a photo was taken. Harris was dressed in a jail uniform and placed in cell block number 4, which has four (4) two-man cells with a TV and telephone on the wall. This cell block had two other inmates in it at the time Harris was placed there. Harris was never

placed in lockdown on the day of his incarceration and has never been placed in lockdown as of the day that Captain Willis gives his Declaration. Harris was given his first appearance on September 9, 2005, before District Court Judge Traywick. According to Captain Willis, a lawyer was provided to Mr. Harris for his criminal charges and Captain Willis provided Harris with three legal books: (1) criminal procedure; (2) civil procedure; and (3) rules of evidence. Also attached hereto are Notices of Appointment as Attorney to Represent Defendant by Dale County District Judge of two different attorneys appointed to represent the Plaintiff, Timmy T. Harris. The attached two notices were filed by the Plaintiff to his second lawsuit case number CV-05-1187-T as Exhibits "D" and "E."

15. The plaintiff's Complaint fails to state a cause of action or set forth a complaint against Sheriff Bryant Mixon. While each defendant, separately and severally, denies liability in this action, Sheriff Mixon is not mentioned by the plaintiff as being involved in any of the incidents giving rise to the allegations of this Complaint. Therefore, the plaintiff's Complaint fails to state a cause of action upon which relief may be granted and the claim against Sheriff Mixon is due to be dismissed.

16. The plaintiff's Complaint is frivolous and "lacks an arguable basis either in law or in fact". The plaintiff's Complaint is based on a meritless legal theory and alleges a violation of a legal interest which clearly does not exist. The plaintiff has failed to present sufficient facts to state a legal conclusion. *Neitzke v. Williams*, 490 U.S. 319 (1989).

17. Defendants are entitled to absolute immunity pursuant to the 11th Amendment to the United States Constitution and the Constitution of the State of Alabama.

18. Defendants are entitled to state agent/discretionary function immunity.

19. These defendants aver that the plaintiff's allegations are without merit and should be dismissed as a matter of law on the basis that the plaintiff is attempting to bring a claim for damages under 42 U.S.C. §1983, where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. Such a claim is barred under authority of *Heck v. Humphrey*, 520 U.S. 477 (1994).

20. These defendants aver that the plaintiff has failed to exhaust his administrative remedies and, further, that this action is in the nature of a *habeas corpus* proceeding which challenges the fact or duration of his confinement. As such, it is not a cognizable claim under §1983.

21. These defendants aver that the Court should stay all proceedings in this civil matter pending the outcome of the state criminal proceeding against the plaintiff pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). These defendants aver that a stay is appropriate in this case because the plaintiff is attempting to obtain discovery in this civil proceeding which would interfere with, and allow him access to materials he otherwise would not have prior to his criminal trial.

22. These defendants aver that they are entitled to qualified immunity on the basis that their actions were taken in good faith based on probable cause and pursuant to their discretionary authority.

23. These defendants assert that the plaintiff's claims are not sufficient to state a claim under the Fourth, Fifth, Eighth or Fourteenth Amendments to the Constitution.

24. These defendants aver that the plaintiff has failed to state a claim for relief on the basis that there is no showing of physical injury by the plaintiff pursuant to 42 U.S.C. (a) §1997(e), et seq.

25. These defendants aver that the plaintiff's action herein is frivolous and malicious and fails to state a claim upon which relief can be granted and/or seeks monetary relief from the defendants who are immune from such relief pursuant to 42 U.S.C. (a) §1997(e), et seq.

26. The plaintiff's Complaint and each cause of action stated herein is barred by collateral estoppel and res judicata.

27. These defendants deny that they were deliberately indifferent to the plaintiff's constitutional rights or legal rights.

28. These defendants assert that the plaintiff's claims are not sufficient to support a Fourteenth Amendment claim for deliberate indifference on the basis that the claims of the plaintiff did not pose a serious risk or serious harm to the plaintiff.

29. These defendants deny that they knew of and/or disregarded an excessive risk to the plaintiff's health or safety.

WHEREFORE, premises considered, the defendants submit this Written Report in accordance with the Court's Order of November 14, 2005, and request that the Court enter a judgment in favor of these defendants on each of the plaintiff's claims.

Respectfully submitted this the 17th day of January, 2006.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
BALL, BALL, MATTHEWS & NOVAK
Post Office Box 2148
Montgomery, AL 36102
(334) 387-7680
(334) 387-3222 Fax

CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Staff Attorneys
cc_prose@almd.uscourts.gov

Timmy T. Harris
Dale County Jail
PO Box 279
Ozark, AL 36361

                                      /s/ C. Winston Sheehan, Jr.
                                      OF COUNSEL